UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**BERNITA RICHARDSON,** as Administratrix
of the Estate of Jimmy Richardson,

                        **Plaintiff,**

   vs.                                           9:17-CV-420
                                                      (MAD/ATB)

**RUSSELL FRICKE,** Medical Director
at the Schenectady County Correctional Facility,

                        **Defendant.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**LAW OFFICES OF ELMER**           **ELMER R. KEACH, III, ESQ.**
**ROBERT KEACH, III, P.C.**            **MARIA K. DYSON, ESQ.**
One Pine West Plaza, Suite 109
Albany, New York 12205
Attorneys for Plaintiff

**MAYNARD, O'CONNOR, SMITH**    **KAREN A. BUTLER, ESQ.**
**& CATALINOTTO, LLP**              **EMILY PHILLIPS, ESQ.**
6 Tower Place
Albany, New York 12203
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

# ORDER

      Plaintiff Bernita Richardson, as administratrix of the estate of Jimmy Richardson (hereinafter "Mr. Richardson" or the "decedent"), commenced this action on April 14, 2017, alleging federal and state law claims against Defendants Correctional Medical Care, Inc. ("CMC"), CBH Medical, P.C. ("CBH"), Emre Umar, John Does 1-3 (collectively, the "CMC Defendants"), Schenectady County, Sheriff Dominic D'Agostino, John Doe 4 (collectively, the "County Defendants"), and Doctor Russell Fricke. *See* Dkt. No. 1. Plaintiff's claims arise out of

Mr. Richardson's medical care while he was incarcerated at the Schenectady County Correctional Facility.

In a Memorandum-Decision and Order dated March 28, 2018, the Court granted the County Defendants' motion to dismiss in its entirety, dismissed the deliberate indifference and municipal liability claims against Defendants CMC, CBH, and Umar, and denied the motion as to Plaintiff's deliberate indifference and state law claims as to Defendants Fricke and John Does 1-3. *See* Dkt. No. 39. On January 14, 2021, the Court issued another Memorandum-Decision and Order granting summary judgment on all of Plaintiff's remaining claims and terminating all other Defendants from this action with the exception of Plaintiff's deliberate indifference claim against Defendant Fricke, who remains the sole defendant in this action.

On January 21, 2021, Defendant Fricke filed a motion to reconsider asking the Court to dismiss Plaintiff's claim for deliberate indifference against him. On February 18, 2021, Plaintiff filed a cross-motion for entry of judgment for Plaintiff's state law claims, and the dismissal of claims against Defendants CMC and CBH. Dkt. No. 133. At the parties request, the Court deferred ruling on these motions and stayed this case while the parties engaged in settlement discussions. *See* Dkt. No. 136. When the parties reported that settlement discussions had broken down, the Court issued a Memorandum-Decision and Order denying the pending motions and scheduled trial to commence on September 27, 2021. *See* Dkt. No. 138. At the parties request, however, the Court set a new firm trial date of November 1, 2021. *See* Dkt. No. 142.

Now, two business days from the scheduled start of trial, Plaintiff has filed a stipulation voluntarily dismissing the sole remaining cause of action. *See* Dkt. No. 170. Upon receiving word from Plaintiff's counsel of his intention to voluntarily dismiss the sole remaining cause of action, the Court ordered counsel to appear for a status conference on October 27, 2021, at 3:45

2

p.m. At this conference, Plaintiff's counsel made clear that the decision to voluntarily dismiss the remaining claim was made because he felt that he would not succeed on this claim at trial and he wished to immediately appeal this Court's previous dismissals of the other claims and Defendants. At this conference, the Court made clear its displeasure at Plaintiff's counsel's decision on the eve of trial and that it was clear that Plaintiff's counsel had made this tactical decision as an end run around the Court's denial of the motion for entry of judgment, *i.e.*, an attempt to manipulate appellate jurisdiction when none would otherwise exist.

In the stipulation of partial discontinuance, Plaintiff fails to indicate under what provision of Rule 41 dismissal is sought. *See* Dkt. No. 170. Since the parties have presumed that no order is required, it appears that the dismissal is sought pursuant to Rule 41(a)(1)(A)(ii). Rule 41(a)(1)(A)(ii) provides that "the plaintiff may dismiss an action without a court order by filing ... a stipulation of dismissal signed by all parties who have appeared." However, the stipulation provided by Plaintiff is not signed by every party that has appeared in this action — only by Plaintiff and Defendant Fricke. The other appearing parties include Defendants Correctional Medical Care, Inc., CBH Medical, P.C., Emre Umar, Schenectady County, and Sheriff Dominic D'Agostino. Despite the self-executing nature of a Rule 41(a)(1)(A)(ii) stipulation, the Court may exercise its inherent power to do all things that are reasonably necessary for the administration of justice. *See Guarnero-Ruiz v. 36-03 Food, LLC*, No. 17-CV-3178, 2017 WL 7049543, *8 (E.D.N.Y. Dec. 11, 2017) (citing *Thomsen v. Terrace Navigation Corporation*, 490 F.2d 88, 89 (2d Cir. 1974)). As such, the Court construes the stipulation of partial discontinuance as a Rule 41(a)(2) request for voluntary dismissal, which is not self-executing and requires a court order.

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, the Court grants Plaintiff's request for a voluntary dismissal, without prejudice.

Although the Court is granting this request, the Court makes the following observations, which were briefly raised during the October 27, 2021 status conference.

As mentioned above, this dismissal request appears to be a blatant attempt to "secure[] an otherwise unavailable interlocutory appeal" through manipulation of Rule 41 and this Court. *Chappelle v. Beacon Communications Corp.*, 84 F.3d 652, 654 (2d Cir. 1996); *see also Negron v. Bank of Am. Corp.*, 768 Fed. Appx. 35, 36 (2d Cir. 2019). Indeed, counsel for Plaintiff explicitly stated, on the record, that the purpose of this voluntary dismissal request was to create a final judgment from which Plaintiff could appeal and obtain review of the previous orders of this Court. *See also* Dkt. No. 170 ("The plaintiff is not discontinuing claims against [Defendant] Fricke under New York state law, which will be the subject of an appeal to the ... Court of Appeals"). Whether Plaintiff has actually created appellate jurisdiction through its voluntary dismissal *without prejudice* of her sole remaining claim on the eve of trial is a matter for the Second Circuit to resolve. *See Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 425 F.3d 207, 210 (2d Cir. 2005); *see also Rowland v. S. Health Partners, Inc.*, 4 F.4th 422, 425 (6th Cir. 2021) ("We lack jurisdiction over this appeal because the voluntary dismissal of Rowland's remaining state-law claims did not create an appealable final order under 28 U.S.C. § 1291. Rowland's decision to voluntarily dismiss her — presumably strongest — claims without prejudice for the purpose of obtaining an immediate appeal, and with the intention of reinstating the dismissed claims if the appeal was successful, is an impermissible circumvention of the finality requirement and the procedures set forth in Rule 54(b). Fed. R. Civ. P. 54(b). This conclusion is compelled by our own precedent and is consistent with the decisions of nearly every other circuit court to address this issue").

Accordingly, the Court hereby

   **ORDERS** that Plaintiff's request for a voluntary dismissal of this action **GRANTED**; and the Court further

   **ORDERS** that Plaintiff's 42 U.S.C. § 1983 claim of deliberate indifference against Defendant Fricke is **DISMISSED without prejudice**; and the Court further

   **ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance in the Local Rules.

**IT IS SO ORDERED.**

Dated: October 28, 2021
   Albany, New York

              _/s/ Mae A. D'Agostino_
              Mae A. D'Agostino
              U.S. District Judge